IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ARMANDO REYES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-05-487 |
| | § | |
| JOHN E. POTTER, | § | |
| Postmaster General U.S. Postal Service | § | |

## REPORT AND RECOMMENDATION

Before the Court is the "Defendant's Motion to Dismiss or for Summary Judgment" filed by John E. Potter, Postmaster General of the United States Postal Service. Having now considered the motion, the Plaintiff's response, and the Government's reply, the Court issues this Report and Recommendation.

On May 20, 2005, Plaintiff, Armando Reyes, acting pro se, filed this Title VII Complaint against the Postmaster General alleging numerous claims of discrimination suffered by him as a postal employee in Lake Jackson, Texas. On May 31, 2005, the District Clerk issued a summons for Defendant Potter. The General Counsel of the United States Postal Service in Washington, D.C., acts as agent for the receipt of legal process for the Postmaster General. See 39 C.F.R. §2.2. However, Reyes attempted to serve Potter by mailing a summons and a copy of his complaint to George Lopez, the Vice-President for the Southwest Area Operations of the Postal Service in Dallas, Texas. On September 6, 2005, Potter filed an answer which raised the affirmative defense of failure to effectuate service of process, thereby putting Reyes on notice that Potter claimed improper service. On October 14, 2005, during a Scheduling Conference before this Court, Reyes was again informed by defense counsel and the Court that Potter was challenging

service of process. On November 4, 2005, Potter filed the instant Motion to Dismiss Reyes' complaint due, in part, to Reyes' failure to properly serve him with process. At a Hearing on December 8, 2005, the Court set a date for Reyes to respond to Potter's Motion; Reyes was again reminded of Potter's position. On January 27, 2006, Reyes filed his response; in his response he simply stated that he had properly served Potter. At no time during the 143 day period between the filing of Potter's answer initially raising the service of process issue and the filing of Reyes' response to the Motion to Dismiss did Reyes attempt to properly serve Potter.

"Rule 4 Service of Process provides the mechanism by which a Court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." Oklahoma Radio Associates v. FDIC, 969 F.2d 940, 943 (10th Cir. 1992)  Absent a waiver, unless a Defendant is properly served the Court has no jurisdiction to act. In a Title VII case against the United States Postal Service, such as this one, the only proper Defendant is the Postmaster General. Lamb v. United States Postal Service, 852 F.2d 845, 846 (5th Cir. 1988) see also, 42 U.S.C. 2000e-16(c) (Head of the governmental department or agency sued shall be the Defendant in any complaint of discrimination)  Potter is the Postmaster General, he is the only proper Defendant, and he must be served with process or the Court lacks jurisdiction to act on Reyes' complaint. Reyes' service of process on Lopez is insufficient. Cf. Lemmon v. Social Security Administration, 20 F.R.D. 215, 217 (E.D. S.C. 1957) (Service on the district director in Charleston, South Carolina held insufficient service on the Social Security Administration)  The Court finds that Reyes failed to properly serve Potter.

Under Rule 4(i)(3) the Court must give a Plaintiff reasonable time to cure a defect in service, but nothing in the Federal Rules of Civil Procedure allows a Court to excuse service altogether.  McMasters v. United States, 260 F.3d 814, 817 (7th Cir. 2001)    Actual notice is insufficient; Reyes must comply with Rule 4.  His pro se status is no excuse for non-compliance. See McNeil v. United States, 508 U.S. 106, 113 (1993)    Furthermore, Reyes is not an unwitting victim of some technical trap.  Even if the Court believes the Rule is confusing,[1] Reyes was made aware and often reminded of his failure by both the Court and Potter's attorney yet he chose to do nothing about it.  Cf. Ellis v. United States Postal Service, 784 F.2d 835, 838 (7th Cir. 1986) Failing to cure the defective service for 143 days, when confronted with the probability of a dismissal for lack of jurisdiction is simply not "reasonable."  See Tuke v. United States, 76 F.3d 155, 158 (7th Cir. 1996)

Finally, Rule 4(m) also contains a safety valve:  for good cause the Court can give a Plaintiff additional time to effect service.  But there is no good cause here.  Not only did Reyes fail to cure the defective service in response to the Motion to Dismiss, he has made no effort whatsoever to do so.  Ignorance of the meaning of Rule 4 may be an explanation for Reyes initial failure to properly serve Potter, but it is not an excuse for failing to make at least a good faith effort to cure the problem.  Tuke, 76 F.3d at 156    Rule 4(m) is no longer available to Reyes.

As of today, some 9 months after this lawsuit was filed, this Court still lacks jurisdiction over the named Defendant.  Rule 4(m) provides impertinent part:

---

[1] But see Peters v. United States, 9 F.3d 344, 346 (5th Cir. 1993), holding Rule 4(i) to be easily understandable.

If service of the summons and complaint is not made upon a Defendant within 120 days after the filing of the complaint, the Court, upon motion or on its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as to that Defendant.

In the instant case a Motion to Dismiss has been filed. The Court has also given notice to Reyes during two In-Court Hearings of his failure to properly serve Potter. The Rule, therefore, commands that the complaint of Reyes be dismissed without prejudice.

**IT IS SO RECOMMENDED.**

For the foregoing reasons, the Court **DECLINES** to address the remainder of the Defendant's Motions.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **March 17, 2006** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections SHALL be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____16th____ day of February, 2006.

_____
John R. Froeschner
United States Magistrate Judge